# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STANDARD INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>JUAN CARLOS CABALLEROS-YESCAS,  )<br>)<br>and  )<br>)<br>MARIA VIRGINIA GONZALEZ  )<br>as Guardian for John Doe, a minor,  )<br>)<br>Defendants.  ) | Case No. 6:19-cv-01280-JTM-GEB |

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff Standard Insurance Company's (Standard's) Motion for Entry of Judgment Against Defendant Juan Carlos Caballeros-Yescas. (Dkt. 12). Standard requests default judgment pursuant to Fed. R. Civ. P. 55(b)(1), which allows the Clerk of Court to enter default "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and provided that the plaintiff has provided "an affidavit showing the amount due." Standard's motion was submitted without an affidavit showing any amounts due. In addition, for reasons set forth in more detail below, the court has determined that plaintiff's inclusion of a claim for reasonable attorneys' fees and expenses means the default judgment sought is not for a sum that can be made certain by computation. The court consequently construes this as a motion for default pursuant to Fed. R. Civ. P. 55(b)(2), which authorizes the court to conduct a hearing in furtherance of entry of judgment to conduct an accounting or determine the amount of damages.

Standard's Interpleader Complaint was filed on October 23, 2019. (Dkt. 1). The Complaint arose out of the death of Lucy Mojica, who was killed on July 7, 2018. At the time of her death, a $300,000 benefit became payable through an employee welfare plan sponsored by her employer. Caballeros-Yescas, the decedent's purported husband, was named as the primary beneficiary on the plan. Caballeros-Yescas, however, is also the primary suspect in Ms. Mojica's homicide. If Caballeros-Yescas were found guilty of Ms. Mojica's death, Standard contends that he may be disqualified from taking the $300,000 plan benefit. In that instance, the benefit would be payable to Ms. Mojica's son, a minor. Standard contends that payment of the plan benefits to Caballeros-Yescas would subject it to multiple conflicting obligations to pay. The Interpleader Complaint requests the court allow Standard to pay the benefit into the court's registry, determine the proper beneficiary, discharge Standard from any further obligations under the plan, award Standard its reasonable attorneys' fees and costs, and dismiss Standard from the action with prejudice. (Dkt. 1, p. 4-5).

On October 31, 2019, the court granted Standard's motion to serve defendant Caballeros-Yescas by publication because he had avoided capture by the police since July 2018, his whereabouts were unknown to Standard, and the police had advised that Caballeros-Yescas was to be considered armed and dangerous and was not to be approached. (Dkt. 7). Standard thereafter filed notice by publication in the Wichita Eagle on three occasions between November 7 and November 21, 2019. (Dkt. 8). After more than 45 days had passed, Standard sought and obtained a Clerk's Entry of Default on January 17, 2020 pursuant to Fed. R. Civ. P. 55(a). (Dkt. 11). The properly entered Clerk's Entry of Default noted that defendant Caballeros-Yescas had failed to enter an appearance in this matter and no one had entered an appearance on his behalf.

"'Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief.'" *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F.Supp.3d 1269, 1274 (D. Kan. 2016) (quoting *DeMarsh v. Tornado Innovations, L.P.*, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2688 (3d ed. 1998)). *See also* Fed.R.Civ.P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). Although the factual allegations of the complaint may be accepted as true, the allegations regarding damages are not. *DeMarsh*, 2009 WL 3720180, at *2. "Damages may be awarded only if the record adequately reflects the basis for [the] award via a hearing or demonstration by detailed affidavits establishing the necessary facts." *Mathiason*, 187 F.Supp.3d at 1275 (internal quotation marks and citations omitted). A trial court has broad discretion to decide whether to enter default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

Pursuant to Clerk's Entry of Default entered in this matter, the court will accept as true all factual allegations in the Complaint. The court's inquiry does not stop there, however, because it is still obligated to determine whether the facts establish a basis for entry of judgment and whether the damages claimed are supported by the record. *See Mathiason*, 187 F.Supp.3d at 1274 ("[e]ven after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.") (internal quotations and citations omitted). A court generally may not enter default judgment without a hearing unless the damages claimed are a liquidated sum or a sum capable of mathematical calculation. *See Veneble v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

While the $300,000 plan benefit and any judgment interest to accrue on that amount may be a "sum certain" as contemplated by Rule 55(b), Standard's demand for relief does not end at the deposit of that amount into the court registry. Instead, Standard demands in both its Complaint and its Motion for Entry of Default Judgment that the court subtract its reasonable attorneys' fees and costs to the extent allowed by law. Standard did not identify which provisions of the plan documents or which law entitles it to recovery of its fees and expenses, nor did it submit an affidavit with its Motion indicating the amount of fees and expenses it seeks to deduct from the $300,000 plan benefit before depositing that amount into the court registry.

Without any affidavit or declaration setting forth the basis for an award of fees and costs and the sum of those amounts, the court cannot award default judgment. Standard may ultimately be entitled to deduct its fees and costs from the plan benefit, but an entry of default does not relieve the court of its obligation to determine whether plaintiffs' fee request is "reasonable." *See Ross v. Jenkins*, 325 F.Supp.3d 1141, 1178 (D. Kan. 2018). Standard has the burden to prove the number of attorney hours spent on the case and appropriate hourly rate. *Id.* (citing *United Phosphorus, Ltd. v. Midland Fumigant, Ind.*, 205 F.3d 1219, 1233 (10th Cir. 2000)). The number of hours spent multiplied by the appropriate hourly rate becomes the "lodestar" figure, which the court can then adjust upwards or downwards based upon different factors. *Id.* at 1179. Here, Standard has not provided the court with any information from which it can properly calculate the lodestar figure, much less determine whether any upward or downward departures are necessary. Nor has Standard provided the court with any information from which it can determine the extent of Standard's costs to bring this action.

The court finds Caballeros-Yescas in default and accepts as true the allegations of Standard's interpleader complaint. The court declines to enter the default judgment Standard has

requested, however, because the attorney fee and costs award sought is not a sum certain or an amount capable of easy computation based upon the information currently available. Standard's requested award of attorneys' fees and costs requires further consideration, therefore the court will set this matter for an evidentiary hearing to allow Standard to prove the amounts claimed.

IT IS THEREFORE ORDERED that Standard shall appear at an evidentiary hearing to assist in the court's determination of the award of fees and costs. The court's ruling on Standard's Motion for Entry of Default Judgment (Dkt. 12) will be held under advisement until the conclusion of that hearing. The matter will be set for evidentiary hearing by separate order.

IT IS SO ORDERED.

Dated this 27th day of January, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT