IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STANDARD LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                                Case No. 19-1280-JWB

JUAN CARLOS CABALLEROS-YESCAS,

    Defendant/Cross-claim Defendant,

and

MARIA VIRGINIA GONZALEZ,
*As Guardian for John Doe, a minor,*

    Defendant/Cross-Claimant.

## MEMORANDUM AND ORDER

This matter is before the court on Maria Virginia Gonzalez's ("Gonzalez") motion for default judgment against Juan Carlos Caballeros-Yescas ("Caballeros") on Gonzalez's amended cross-claim. (Doc. 37.) For the reasons stated herein, the motion for default judgment is DENIED WITHOUT PREJUDICE.

This case was brought by Standard Life Insurance ("Standard") to interplead the proceeds of a life insurance policy that was part of an employee welfare benefit plan. The proceeds became payable upon the death of Lucy Mojica, who died as a result of homicide. Caballeros, who was formerly Mojica's spouse, was the sole primary beneficiary on the policy, and John Doe, the minor son of Mojica, was the sole contingent beneficiary. Standard sought interpleader because Caballeros was named as a suspect in the murder of Mojica. (Doc. 1.) After serving notice on Caballeros by publication, and after Caballeros failed to answer or otherwise defend, Standard

applied for and obtained a clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). (Doc. 11.) Standard then moved for default judgment against Caballeros. (Doc. 12.) Before that motion was heard, Gonzalez filed an answer and cross-claim alleging that John Doe was entitled to the policy proceeds because Caballeros was suspected of murdering Ms. Mojica and, by then, had been arrested and charged with first-degree murder. (Doc. 16.)

Standard and Gonzalez then filed a joint motion for entry of default against Caballeros on Standard's interpleader claim, which asked the court to enter a consent order directing that the life insurance proceeds (less certain fees) be paid into court and finding that any claim by Caballeros or Gonzalez against Standard was barred. The court granted the motion. (Docs. 25, 27.)

Gonzalez then moved for default judgment on her cross-claim against Caballeros. (Doc. 29.) The court granted that motion. (Doc. 30.) Among other things, the court found that Caballeros, "as a suspect in [Mojica's] murder, is prohibited from taking the proceeds of the Policy even if he has not been convicted of the crime." (Doc. 30 at 3) (citing *Harper v. Prudential Ins. Co. of Am.*, 233 Kan. 358, 662 P.2d 1264 (1983)). The court determined that Caballeros was in default, that he had no right to the proceeds, that the minor John Doe had the only right to the proceeds, and that the proceeds should be distributed to Gonzalez as guardian for John Doe.

Some months later, Gonzalez filed a motion to distribute the proceeds. (Doc. 31.) At that point, the case was transferred to the undersigned judge, and a status conference was held. (Docs. 32, 34.) At that hearing, the court indicated it believed the allegations in Gonzalez's cross-claim that Caballeros was "a suspect in" and was "charged with" Mojica's murder were insufficient to support judgment on the claim. That conclusion was based on the rule in *Harper,* which held that Kansas law "bars the beneficiary of a life insurance policy *who feloniously kills* the insured from recovering under the policy whether convicted or not." *Harper*, 233 Kan. at 367 (emphasis added).

The rule thus requires a finding that the beneficiary in fact killed the insured, an allegation that was absent from Gonzalez's cross-claim. Gonzalez subsequently amended her cross-claim to include an allegation that Caballeros "murdered Ms. Mojica." (Doc. 35 at 4.)

Gonzalez personally served the cross-claim and a summons on Caballeros at the Sedgwick County jail, where he awaits trial on the murder charge. (Doc. 36.) Caballeros failed to answer or otherwise defend within the time permitted, and Gonzalez now moves for default judgment on her amended cross-claim. (Doc. 37.)

The court notes after reviewing the docket that Gonzalez has not obtained a clerk's entry of default as required under Federal Rule of Civil Procedure 55(a). "Entry of default by the clerk is a necessary prerequisite that must be performed before a district court is permitted to issue a default judgment." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). Although a clerk's entry of default was previously entered as to Standard's interpleader claim, no such entry has been made on Gonzalez's cross-claim. The court will accordingly deny Gonzalez's motion for default judgment without prejudice. A motion for default judgment may be refiled if Gonzalez obtains a clerk's entry of default on her cross-claim.

### Conclusion

Gonzalez's motion for default judgment (Doc. 37) is DENIED WITHOUT PREJUDICE to refiling after obtaining the clerk's entry of default. Gonzalez's motion for disbursement of funds (Doc. 31) is similarly DENIED WITHOUT PREJUDICE. IT IS SO ORDERED this 16th day of September, 2021.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

3